| | | |
|---|---|---|
| **STATE OF LOUISIANA** | * | **NO. 2020-KA-0071** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **ALDRED A DIXON** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 513-985, SECTION "C"
Honorable Benedict J. Willard, Judge

\* \* \* \* \* \*

**JUDGE SANDRA CABRINA JENKINS**

\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Regina Bartholomew-Woods)

*LOBRANO, J., CONCURS IN THE RESULT*

Leon A. Cannizzaro, Jr., District Attorney
Donna Andrieu, Assistant District Attorney
Irena Zajickova, Assistant District Attorney
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR THE STATE OF LOUISIANA/APPELLEE

C. Gary Wainwright
LAW OFFICE OF C. GARY WAINWRIGHT PLC
2739 Tulane Avenue
New Orleans, LA 70119

      COUNSEL FOR DEFENDANT/APPELLANT

      **VACATED AND REMANDED**

**SEPTEMBER 23, 2020**

*SCJ*
*RBW*

Defendant, Aldred Dixon, appeals his conviction for second degree murder by a non-unanimous 10-2 jury verdict. By his sole assignment of error on appeal, defendant argues the non-unanimous jury verdict violates the Sixth and Fourteenth Amendments of the United States Constitution and, consequently, his conviction must be vacated. Based upon the recent decision by the United States Supreme Court in *Ramos v. Louisiana*, __ U.S. __, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), holding that non-unanimous jury verdicts in state felony trials are unconstitutional, and in consideration of the Louisiana Supreme Court's directive[1] to consider a non-unanimous verdict as part of our appellate error patent review, we vacate defendant's conviction and sentence and remand this case to the trial court.

## PROCEDURAL BACKGROUND[2]

On November 8, 2012, an Orleans Parish grand jury returned an indictment charging the defendant and Demonte Carmouche with one count of second degree

---

[1] *State v. Monroe*, 2020-00335 (La. 6/3/20), 296 So.3d 1062.
[2] The factual background of this case is not pertinent to the determinative issue in this appeal.

murder, a violation of La. R.S. 14:30.1. On November 20, 2012, the defendant and Carmouche both appeared for arraignment and entered pleas of not guilty.

An initial trial of the defendant and Carmouche commenced on March 30, 2015. At the conclusion of the initial trial, on April 2, 2015, the jury returned, declaring that they were deadlocked on the charge of second degree murder as to both defendants. Consequently, the trial court declared a mistrial.

A second trial of the defendant and Carmouche commenced on September 19, 2017. At the conclusion of the trial, on September 22, 2017, the jury returned with a verdict, by a vote of 10-2, finding the defendant guilty of second degree murder. As to Carmouche, the jury deadlocked, and the trial court declared a mistrial, only as to Carmouche.

On October 5, 2017, the defendant filed a motion for new trial, objecting to, *inter alia*, the non-unanimity of the jury's verdict. The defendant also filed a motion for appeal. On that same date, the trial court denied the defendant's motion for new trial, but the trial court did not act upon the motion for appeal.

On October 17, 2017, the defendant filed a motion in arrest of judgment, challenging the validity of Louisiana's non-unanimous jury verdict scheme pursuant to the Sixth and Fourteenth Amendments to the United States Constitution. On October 18, 2017, the trial court denied the defendant's motion in arrest of judgment and proceeded with sentencing. The trial court sentenced the

defendant to life imprisonment without the benefit of parole, probation, or suspension of sentence.[3]

On October 30, 2018, the defendant filed a post-conviction application seeking an out of time appeal, which the trial court granted. Thereafter, the defendant filed this appeal.

## DISCUSSION

In his sole assignment of error, the defendant argues that the lack of a unanimous jury verdict violates his constitutional due process rights under the Sixth and Fourteenth Amendments to the United States Constitution.

At the time of the defendant's trial, in September 2017, Louisiana law allowed for non-unanimous jury verdicts in felony trials. Prior to being amended in 2018,[4] La. C.Cr.P. art. 782(A) provided, in pertinent part, that "[c]ases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict." In addition, at that time, the controlling Louisiana jurisprudence consistently upheld the constitutionality of non-unanimous jury verdicts for cases tried before a twelve-person jury. *See State v. Bertrand*, 08-2215 (La. 3/17/09), 6 So.3d 738 (upholding the constitutionality of La. C.Cr.P. art. 782).

---

[3] The trial court noted that the defendant was being sentenced in accordance with the statutory sentencing provision of La. R.S. 14:30.1. The trial court noted, however, that the defendant had filed a motion regarding a *Miller* sentencing based upon the defendant's age at the time of the offense. *See Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). The trial court stated, "the court is going to allow the defendant the benefit of the *Miller* hearing. However, that particular *Miller* hearing may not take place until the defendant has served the minimum requisite amount of time. And again, the determination is not made here. It's made by the parole board."

[4] La. Acts 2018, No. 493, §1, effective January 1, 2019.

While the defendant's appeal was pending review in this Court, on April 20, 2020, the United States Supreme Court rendered its decision in *Ramos v. Louisiana*, announcing a new constitutional rule: the Sixth Amendment right to a jury trial—as incorporated against the States through the Fourteenth Amendment— requires a unanimous jury verdict to convict a defendant of a serious offense. Thus, the United States Supreme Court ruled definitively that non-unanimous jury verdicts in state felony trials are unconstitutional. In addition, *Ramos* invalidates the non-unanimous convictions of defendants who preserved the issue for review in cases still on direct review. *Ramos*, __ U.S. at __, 140 S.Ct. at 1406-08; *see also*, *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) ("a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final").

In this case, the defendant did preserve for review the issue of the non-unanimity of his jury verdict, having raised it in his motion for new trial and motion in arrest of judgment. Thus, applying the new constitutional rule announced in *Ramos*, we find that the defendant's conviction must be vacated.

We also note that, even if the defendant had failed to raise the issue of the non-unanimity of the jury verdict, the Louisiana Supreme Court has issued numerous *per curiam* opinions directing the appellate courts to consider this issue as part of our error patent review, stating as follows:

> The matter is remanded to the court of appeal for further proceedings and to conduct a new error patent review in light of *Ramos v.*

*Louisiana*, 590 U.S. --, 140 S.Ct. 1390, -- L.Ed.2d – (2020).  If the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review.  *See* La. C.Cr.P. art. 920(2).

The present matter was pending on direct review when *Ramos v. Louisiana* was decided, and therefore the holding of *Ramos* applies. *See Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987).

*State v. Monroe*, 2020-00335 (La. 6/3/20), 296 So.3d 1062; *see also State v. Taylor*, 18-1039 (La. App. 4 Cir. 6/17/20), __ So.3d __, 2020 WL 3264072.

Accordingly, in reviewing this record on appeal for errors patent, we find that the holding in *Ramos* applies in this case and renders the defendant's conviction by a non-unanimous jury verdict unconstitutional.

## CONCLUSION

For the foregoing reason, we hereby vacate the defendant's conviction and sentence and we remand this matter to the trial court.

**VACATED AND REMANDED**

5